IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-05-1785 |
| RUSSELL CHAISSON, Defendant. | § § § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff American General Life Insurance Company's Motion for Leave of Court to File its Second Amended Complaint and to Modify Docket Control Order ("Motion to Amend") [Doc. # 42], to which Defendant Russell Chaisson filed a Response in opposition [Doc. # 43]. Plaintiff neither filed a Reply nor requested an extension of time to do so. Based on the Court's review of the record in this case and the application of governing legal authorities, the Court **denies** the Motion to Amend.

In the Motion to Amend, Plaintiff seeks to file a Second Amended Complaint adding a claim for a declaratory judgment that Plaintiff had probable cause to file this lawsuit. The Court conducted an initial pretrial and scheduling conference on October 28, 2005, attended and participated in by Plaintiff's counsel. In connection with that

scheduling conference, the Court, with the agreement of counsel, issued a Docket Control Order [Doc. # 39] establishing January 31, 2006, as the deadline for adding new parties and amending pleadings.

Leave to amend after the deadline granted in the Court's scheduling order is guided by Rule 16 of the Federal Rules of Civil Procedure. "Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.' The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citations omitted). The Fifth Circuit explained: "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 546.

Plaintiff explains that it did not become aware of the need for the requested amendment until it received a letter dated August 2, 2006, from defense counsel stating defendant's intention to file a malicious prosecution action, if appropriate, following

the final disposition of this lawsuit. Plaintiff has not, however, demonstrated the importance of the requested amendment. It is clearly not important to Plaintiff's existing claims and is, at best, a request for an advisory opinion from this Court regarding the propriety of this lawsuit.

Discovery in this case ended July 28, 2006, eleven (11) days before Plaintiff filed its Motion to Amend. Although the Court could extend the discovery and other deadlines, this case has been pending for well over a year and the Court exercises its discretion to preserve the integrity and purpose of the docket control order in this case. It is therefore

**ORDERED** that Plaintiff's Motion for Leave of Court to File Its Second Amended Complaint and to Modify Docket Control Order [Doc. # 42] is **DENIED**.

SIGNED at Houston, Texas, this **23rd** day of **August, 2006**.

_____
Nancy F. Atlas
United States District Judge